## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ASHLEY REEVES, | ) |
| | ) JURY TRIAL |
| Plaintiff, | DEMANDED |
| | ) |
| | ) |
| v. | ) Case No.  4:17-CV-03726 |
| | ) |
| NELNET LOAN SERVICES, FED | ) |
| LOAN SERVICING, SALLIE MAE, | ) |
| CAPITAL ONE, TEXAS TRUST FED | ) |
| CREDIT, OKLAHOMA STUDENT | ) |
| LOAN AUTHORITY, PARAMOUNT | ) |
| RECOVERY SYSTEM, PHOENIX | |
| FINANCIAL SERVICES, AR | |
| RESOURCES., | |
| Defendants. | |

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

## I.   INTRODUCTION

1.  This is an action for actual, statutory and punitive damages brought
    by Plaintiff Ashley Reeves, an individual consumer, against
    Defendants, Oklahoma Student Loan Authority ("OSLA"), Nelnet
    Loan Services ("Nelnet"), Fed Loan Servicing ("Fed Loan"), Sallie
    Mae ("Sallie"), Capital One ("Cap One"), Texas Trust Fed Credit

1

("TTFC"), Paramount Recovery System ("PRS"), Phoenix Financial Services ("PFS"), AR Resources ("ARR") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter "FCRA").

## II.   JURISDICTION AND VENUE

2.  Jurisdiction of this court arises under 15 U.S.C. § 1681(p) 15 U.S.C § 1692k(d) 28 U.S.C 1331. Venue in this District is proper in that the Defendants transact business in State of Texas, and the conduct complained of occurred in State of Texas.

## III.   PARTIES

3.  Plaintiff, Ashley Reeves, is a natural person residing in Glenn Heights, Texas. Plaintiff is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a, (b) and (c).

4.  Upon information and belief, Defendant Oklahoma Student Loan Authority is a public trust entity with its principal place of business located at 525 Central Park Dr #600 Oklahoma City, OK 73105.

5.  Upon information and belief, Defendant Paramount Recovery Systems, L.P. is an entity with its principal place of business located at 111 East Center St Lorena, TX 76655.

6.  Upon information and belief, Defendant AR Resources is an entity with its principal place of business located at 1777 Sentry Pkwy W Blue Bell, PA 19422.

7.  Upon information and belief, Defendant Phoenix Financial Services LLC is an entity with its principal place of business located at 211 E.7th St Suite 620 Austin TX 78701.

8.  Upon information and belief, Defendant Sallie Mae is an entity that may be served with process at 211 E. 7th Street Suite 620 Austin, TX 78701.

9.  Upon information and belief, Defendant Fed Loan Servicing is an entity that may be served with process at P.O. Box 69184, Harrisburg, PA 17106.

10. Upon information and belief, Defendant Capital One Bank USA is an entity with its principal place of business located at 1680 Capital One Drive  McLean, Virginia 22102.

11. Upon information and belief, Defendant Texas Trust Credit Union is a company duly authorized and qualified to do business in the State of Texas.

12. Upon information and belief, Defendant Nelnet Loan Services is a company duly authorized and qualified to do business in the State of Texas.

13. Defendants Oklahoma Student Loan Authority, Sallie Mae, Fed Loan Servicing, Capital One Bank USA, Texas Trust Fed Credit Union, Nelnet Loan Services, Paramount Recovery Systems, L.P., AR Resources, Phoenix Financial Services LLC, are "furnishers of information" within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2 *et seq.*

14. Defendants Oklahoma Student Loan Authority, Sallie Mae, Fed Loan Servicing, Capital One Bank USA, Texas Trust Fed Credit Union, Nelnet Loan Services, Paramount Recovery Systems, L.P., AR Resources, Phoenix Financial Services LLC, furnish information to TransUnion, Equifax and Experian whom are "consumer reporting [agencies] that compile and maintain files on consumers

on a nationwide basis" as defined by 15 U.S.C. § 1681a(p). TransUnion, Equifax and Experian are regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumers residing nationwide:

    a.   Public record information;

    b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

## IV.   FACTS OF THE COMPLAINT

1. On or about February 10, 2016, the Plaintiff applied for and was denied a mortgage.  The Plaintiff obtained a copy of her credit report and noticed incomplete, inaccurate, and false information.

2. On the report, the Plaintiff observed trade lines from all Defendants.

3. Oklahoma Student Loan Authority furnished a trade lines with a credit limits of $2,250 and a balance of zero.

5

4. Nelnet Loan Services furnished four trade lines with a credit limits of (1) $10,168 and a balance at zero, (2) $6,793 and a balance at zero, (3) $12,365 and a balance of $13,102, (4) $14,033 and a balance of $14,870.

5. Fed Loan Servicing Credit furnished five trade lines with a credit limits of (1) $913 and a balance at zero, (2) $3,291 and a balance at zero, (3) $4,500 and a balance at zero, (4) $2,250 and a balance at zero, (5) $10,772 and a balance at zero.

6. Sallie Mae furnished two trade lines with a credit limits of (1) $4,500 and a balance at zero, (2) $4,000 and a balance at zero.

7. Capital One Bank USA furnished a trade line with a credit limit of $200.

8. Texas Trust Fed Credit furnished a trade line with a credit limit of zero and a balance of $1,004.

15. Paramount Recovery Systems furnished a trade line with a credit limit of $300.

16. AR Resources furnished a trade line with a credit limit of $59.

17. Phoenix Financial Services furnished two trade lines with a credit limit of (1) $665, (2) $40.

18. The information provided by all Defendants on Plaintiff's credit report is inaccurate, incomplete, false and unverifiable without any supporting account level documentation such as the initial contract, payment and balance history, proof of the interest rate, late fees, and finance charges applied on the accounts above.

19. On or about February 10, 2016, the Plaintiff sent a dispute letter to Experian, Transunion, and Equifax disputing the accuracy and completeness of the information that all Defendants is furnishing the false information to the Consumer Reporting Agencies and all Defendants failed to notate that the information was being disputed pursuant to 15 U.S.C. § 1681s-2(b)(1).

20. In the disputes, Plaintiff requested account-level documentation on all disputed accounts.

21. In response to Plaintiff's dispute, the consumer reporting agencies, pursuant to 15 U.S.C. 1681i[a], forwarded to all Defendants

notification of Plaintiff's disputes and requested that defendant conduct a re-investigation, per 15 U.S.C. 1681s-2.

22. Defendant failed and refused to review all relevant information provided by and available through the consumer reporting agencies.

23. Defendant was required to conduct a reasonable, timely and more thorough re-investigation of the Plaintiff's disputes and to respond to the consumer reporting agencies to whom it subscribed with truthful, complete, and relevant information.

24. Plaintiff received re-investigation results from Equifax and discovered that all Defendants, verified the disputed accounts but unreasonably failed to disclose that the accounts were being disputed by Plaintiff.

25. In addition, Defendants did not produce any account-level documentation to Plaintiff, evidencing the veracity of the accounts they verified.

26. Defendants failure to disclose that the accounts were being disputed by the Plaintiff created a negative material misleading impression on Plaintiff's credit report.

27. Defendants violated the mandates of 15 U.S.C. 1681s-2[b] and Plaintiff has suffered damages as a result of those violations.

28. Defendants willfully violated the mandates of section 1681s-2[b].

29. Alternatively, Defendants negligently violated the mandates of section 1681s-2[b].

30. Defendants likewise violated the mandates of section 1681s-2[a] and such violations form the basis of a negligence per se claim and an intentional tort, per se.

31. Defendants knew or should have known or consciously avoided knowing that the information repeatedly reported about Plaintiff was false and improperly attributed to Plaintiff.

32. Defendants were further notified by Plaintiff of the errors and his disputes, yet Defendants failed to report such information as disputed to the consumer reporting agencies.

33. As a result of the actions and inactions of Defendant, Plaintiff suffered damages, including *but not limited to*, mental and emotional distress, humiliation, being denied credit, and being granted credit with a much higher interest rate.

## V.    FIRST CLAIM FOR RELIEF
### (Defendant Oklahoma Student Loan Authority)
### 15 U.S.C. § 1681s-2(b)(1)(A)

34. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 33 above.

35. Defendant Oklahoma Student Loan Authority has violated 15 U.S.C. § 1681s-2(b)(1)(A) in that it failed to conduct a reasonable re-investigation of information forwarded to them by a Consumer Reporting Agencies and that it failed to have reasonable procedures to notate consumers disputes.

36. Defendant Oklahoma Student Loan Authority has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

37. Defendant Oklahoma Student Loan Authority has done so either negligently or willfully.

38. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

39. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## VI.   SECOND CLAIM FOR RELIEF
### (Defendant Oklahoma Student Loan Authority)
### 15 U.S.C. §1681s-2(b)(1)(B)

40. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 39 above.

41. Defendant Oklahoma Student Loan Authority has violated 15 U.S.C. § 1681s-2(b)(1)(B) in that they failed to consider all relevant information forwarded to them by the consumer reporting agencies and failing to review the account level documentation and by failing to notate disputed information.

42. Defendant Oklahoma Student Loan Authority has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

43. Defendant Oklahoma Student Loan Authority has done so either negligently or willfully.

44. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

45. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## VII.   THIRD CLAIM FOR RELIEF
### (Defendant Oklahoma Student Loan Authority)
### 15 U.S.C. §1681s-2(b)(1)(C)

46. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 45 above.

47. Defendant Oklahoma Student Loan Authority has violated 15 U.S.C. § 1681s-2(b)(1)(C) in that they failed to report the notation of the disputed information to the consumer reporting agencies.

48. Defendant Oklahoma Student Loan Authority has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

49. Defendant Oklahoma Student Loan Authority has done so either negligently or willfully.

50. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

51. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## VIII.    FOURTH CLAIM FOR RELIEF
### (Defendant Oklahoma Student Loan Authority)
### 15 U.S.C. §1681s-2(b)(1)(D)

52. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 51 above.

53. Defendant Oklahoma Student Loan Authority has violated 15 U.S.C. § 1681s-2(b)(1)(D) in that it failed to report to all national consumer reporting agencies that the information was inaccurate, erroneous or unverifiable and it failed to report to Equifax that the information was being disputed.

54. Defendant Oklahoma Student Loan Authority has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

55. Defendant Oklahoma Student Loan Authority has done so either negligently or willfully.

56. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

57. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## IX.   FIFTH CLAIM FOR RELIEF
### (Defendant Oklahoma Student Loan Authority)
### 15 U.S.C. §1681s-2(b)(1)(E)

58. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 57 above.

59. Defendant Oklahoma Student Loan Authority has violated 15 U.S.C. § 1681s-2(b)(1)(E) in that it failed to have a procedure to (i) modify the information in their system, (ii) delete the inaccurate or unverifiable information, or (iii) block the re-reporting of inaccurate or unverifiable information and it failed to have a procedure to (i) modify the information in their system, report the disputed information with Equifax.

60. Defendant Oklahoma Student Loan Authority has done so either negligently or willfully.

61. Defendant Oklahoma Student Loan Authority has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

62. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

63. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## X.   FIRST CLAIM FOR RELIEF
### (Defendant Sallie Mae)
### 15 U.S.C. § 1681s-2(b)(1)(A)

64. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 63 above.

65. Defendant Sallie Mae has violated 15 U.S.C. § 1681s-2(b)(1)(A) in that it failed to conduct a reasonable re-investigation of information forwarded to them by a Consumer Reporting Agencies and that it failed to have reasonable procedures to notate consumers disputes.

15

66. Defendant Sallie Mae has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

67. Defendant Sallie Mae has done so either negligently or willfully.

68. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

69. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## XI.   SECOND CLAIM FOR RELIEF
### (Defendant Sallie Mae)
### 15 U.S.C. §1681s-2(b)(1)(B)

70. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 69 above.

71. Defendant Sallie Mae has violated 15 U.S.C. § 1681s-2(b)(1)(B) in that they failed to consider all relevant information forwarded to them by the consumer reporting agencies and failing to review the account level documentation and by failing to notate disputed information

72. Defendant Sallie Mae has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

73. Defendant Sallie Mae has done so either negligently or willfully.

74. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

75. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## XII.   THIRD CLAIM FOR RELIEF
### (Defendant Sallie Mae)
### 15 U.S.C. §1681s-2(b)(1)(C)

76. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 75 above.

77. Defendant Sallie Mae has violated 15 U.S.C. § 1681s-2(b)(1)(C) in that they failed to report the notation of the disputed information to the consumer reporting agencies.

78. Defendant Sallie Mae has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

79. Defendant Sallie Mae has done so either negligently or willfully.

80. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

81. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## XIII.   FOURTH CLAIM FOR RELIEF
### (Defendant Sallie Mae)
### 15 U.S.C. §1681s-2(b)(1)(D)

82. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 81 above.

83. Defendant Sallie Mae has violated 15 U.S.C. § 1681s-2(b)(1)(D) in that it failed to report to all national consumer reporting agencies that the information was inaccurate, erroneous or unverifiable and it failed to report to Equifax that the information was being disputed.

84. Defendant Sallie Mae has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

85. Defendant Sallie Mae has done so either negligently or willfully.

86. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

87. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## XIV.   FIFTH CLAIM FOR RELIEF
### (Defendant Sallie Mae)
### 15 U.S.C. §1681s-2(b)(1)(E)

88. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 87 above.

89. Defendant Sallie Mae has violated 15 U.S.C. § 1681s-2(b)(1)(E) in that it failed to have a procedure to (i) modify the information in their system, (ii) delete the inaccurate or unverifiable information, or (iii) block the re-reporting of inaccurate or unverifiable information and it fail

90. Defendant Sallie Mae has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

91. Defendant Sallie Mae has done so either negligently or willfully.

92. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

93. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## XV.   FIRST CLAIM FOR RELIEF
### (Defendant Fed Loan Servicing)
### 15 U.S.C. § 1681s-2(b)(1)(A)

94. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 93 above.

95. Defendant Fed Loan Servicing has violated 15 U.S.C. § 1681s-2(b)(1)(A) in that it failed to conduct a reasonable re-investigation of information forwarded to them by a Consumer Reporting Agencies and that it failed to have reasonable procedures to notate consumers disputes.

96. Defendant Fed Loan Servicing has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

97. Defendant Fed Loan Servicing has done so either negligently or willfully.

98. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

99. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## XVI.   SECOND CLAIM FOR RELIEF
### (Defendant Fed Loan Servicing)
### 15 U.S.C. §1681s-2(b)(1)(B)

100.  Plaintiff re-alleges, and incorporates by reference, paragraphs one through 99 above.

101.  Defendant Fed Loan Servicing has violated 15 U.S.C. § 1681s-2(b)(1)(B) in that they failed to consider all relevant information forwarded to them by the consumer reporting agencies and failing to review the account level documentation and by failing to notate disputed information.

102.  Defendant Fed Loan Servicing have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

103.  Defendant Fed Loan Servicing have done so either negligently or willfully.

104.  Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

105.  Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## XVII.   THIRD CLAIM FOR RELIEF
### (Defendant Fed Loan Servicing)
### 15 U.S.C. §1681s-2(b)(1)(C)

106.  Plaintiff re-alleges, and incorporates by reference, paragraphs one through 105 above.

107.  Defendant Fed Loan Servicing has violated 15 U.S.C. § 1681s-2(b)(1)(C) in that they failed to report the notation of the disputed information to the consumer reporting agencies.

108.  Defendant Fed Loan Servicing has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

109.  Defendant Fed Loan Servicing has done so either negligently or willfully.

110.  Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

111.  Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## XVIII.   FOURTH CLAIM FOR RELIEF
### (Defendant Fed Loan Servicing)
### 15 U.S.C. §1681s-2(b)(1)(D)

112.  Plaintiff re-alleges, and incorporates by reference, paragraphs one through 111 above.

113.  Defendant Fed Loan Servicing has violated 15 U.S.C. § 1681s-2(b)(1)(D) in that it failed to report to all national consumer reporting agencies that the information was inaccurate, erroneous or unverifiable and it failed to report to Equifax that the information was being disputed.

114.  Defendant Fed Loan Servicing has caused injury in fact, by causing, among other effects, mental and emotional distress,

damage to credit reputation, and resulting in credit damages to Plaintiff.

115. Defendant Fed Loan Servicing has done so either negligently or willfully.

116. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

117. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## XIX.   FIFTH CLAIM FOR RELIEF
### (Defendant Fed Loan Servicing)
### 15 U.S.C. §1681s-2(b)(1)(E)

118. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 117 above.

119. Defendant Fed Loan Servicing has violated 15 U.S.C. § 1681s-2(b)(1)(E) in that it failed to have a procedure to (i) modify the information in their system, (ii) delete the inaccurate or unverifiable information, or (iii) block the re-reporting of inaccurate or unverifiable information and failed to have a

procedure to (i) modify the information in their system, report the disputed information with Equifax.

120. Defendant Fed Loan Servicing has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

121. Defendant Fed Loan Servicing has done so either negligently or willfully.

122. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

123. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

### XX. FIRST CLAIM FOR RELIEF
### (Defendant Capital One Bank USA)
### 15 U.S.C. § 1681s-2(b)(1)(A)

124. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 123 above.

125. Defendant Capital One Bank USA has violated 15 U.S.C. § 1681s-2(b)(1)(A) in that it failed to conduct a reasonable re-investigation

of information forwarded to them by a Consumer Reporting Agencies and that it failed to have reasonable procedures to notate consumers disputes.

126. Defendant Capital One Bank USA has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

127. Defendant Capital One Bank USA has done so either negligently or willfully.

128. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

129. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## XXI.   SECOND CLAIM FOR RELIEF
### (Defendant Capital One Bank USA)
### 15 U.S.C. §1681s-2(b)(1)(B)

130. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 129 above.

131. Defendant Capital One Bank USA has violated 15 U.S.C. § 1681s-2(b)(1)(B) in that they failed to consider all relevant information forwarded to them by the consumer reporting agencies and failing to review the account level documentation and by failing to notate disputed information.

132. Defendant Capital One Bank USA has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

133. Defendant Capital One Bank USA has done so either negligently or willfully.

134. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

135. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## XXII.   THIRD CLAIM FOR RELIEF
### (Defendant Capital One Bank USA)
### 15 U.S.C. §1681s-2(b)(1)(C)

136.  Plaintiff re-alleges, and incorporates by reference, paragraphs one through 135 above.

137.  Defendant Capital One Bank USA has violated 15 U.S.C. § 1681s-2(b)(1)(C) in that they failed to report the notation of the disputed information to the consumer reporting agencies.

138.  Defendant Capital One Bank USA has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

139.  Defendant Capital One Bank USA has done so either negligently or willfully.

140.  Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

141.  Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

### XXIII.   FOURTH CLAIM FOR RELIEF
### (Defendant Capital One Bank USA)
### 15 U.S.C. §1681s-2(b)(1)(D)

142. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 141 above.

143. Defendant Capital One Bank USA has violated 15 U.S.C. § 1681s-2(b)(1)(D) in that it failed to report to all national consumer reporting agencies that the information was inaccurate, erroneous or unverifiable and it failed to report to Equifax that the information was being disputed.

144. Defendant Capital One Bank USA has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

145. Defendant Capital One Bank USA has done so either negligently or willfully.

146. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

147. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

### XXIV.   FIFTH CLAIM FOR RELIEF
### (Defendant Capital One Bank USA)

## 15 U.S.C. §1681s-2(b)(1)(E)

148.   Plaintiff re-alleges, and incorporates by reference, paragraphs one through 147 above.

149.   Defendant Capital One Bank USA has violated 15 U.S.C. § 1681s-2(b)(1)(E) in that it failed to have a procedure to (i) modify the information in their system, (ii) delete the inaccurate or unverifiable information, or (iii) block the re-reporting of inaccurate or unverifiable information and failed to have a procedure to (i) modify the information in their system, report the disputed information with Equifax.

150.   Defendant Capital One Bank USA has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

151.   Defendant Capital One Bank USA has done so either negligently or willfully.

152.   Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

153. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## XXV.   FIRST CLAIM FOR RELIEF
### (Defendant Texas Trust Fed Credit Union)
### 15 U.S.C. § 1681s-2(b)(1)(A)

154. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 153 above.

155. Defendant Texas Trust Fed Credit Union has violated 15 U.S.C. § 1681s-2(b)(1)(A) in that it failed to conduct a reasonable re-investigation of information forwarded to them by a Consumer Reporting Agencies and that it failed to have reasonable procedures to notate consumers disputes.

156. Defendant Texas Trust Fed Credit Union has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

157. Defendant Texas Trust Fed Credit Union has done so either negligently or willfully.

158. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

159. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## XXVI.   SECOND CLAIM FOR RELIEF
### (Defendant Texas Trust Fed Credit Union)
### 15 U.S.C. §1681s-2(b)(1)(B)

160. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 159 above.

161. Defendant Texas Trust Fed Credit Union has violated 15 U.S.C. § 1681s-2(b)(1)(B) in that they failed to consider all relevant information forwarded to them by the consumer reporting agencies and failing to review the account level documentation and by failing to notate disputed information

162. Defendant Texas Trust Fed Credit Union has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

163. Defendant Texas Trust Fed Credit Union has done so either negligently or willfully.

164. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

165. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

### XXVII.   THIRD CLAIM FOR RELIEF
### (Defendant Texas Trust Fed Credit Union)
### 15 U.S.C. §1681s-2(b)(1)(C)

166. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 165 above.

167. Defendant Texas Trust Fed Credit Union has violated 15 U.S.C. § 1681s-2(b)(1)(C) in that they failed to report the notation of the disputed information to the consumer reporting agencies.

168. Defendant Texas Trust Fed Credit Union has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

169. Defendant Texas Trust Fed Credit Union has done so either negligently or willfully.

170. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

171. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## XXVIII.   FOURTH CLAIM FOR RELIEF
### (Defendant Texas Trust Fed Credit Union)
### 15 U.S.C. §1681s-2(b)(1)(D)

172. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 171 above.

173. Defendant Texas Trust Fed Credit Union has violated 15 U.S.C. § 1681s-2(b)(1)(D) in that it failed to report to all national consumer reporting agencies that the information was inaccurate, erroneous or unverifiable and it failed to report to Equifax that the information was being disputed.

174. Defendant Texas Trust Fed Credit Union has caused injury in fact, by causing, among other effects, mental and emotional

distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

175. Defendant Texas Trust Fed Credit Union has done so either negligently or willfully.

176. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

177. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## XXIX.   FIFTH CLAIM FOR RELIEF
### (Defendant Texas Trust Fed Credit Union)
### 15 U.S.C. §1681s-2(b)(1)(E)

178. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 177 above.

179. Defendant Texas Trust Fed Credit Union have violated 15 U.S.C. § 1681s-2(b)(1)(E) in that it failed to have a procedure to (i) modify the information in their system, (ii) delete the inaccurate or unverifiable information, or (iii) block the re-reporting of inaccurate or unverifiable information and failed to have a

procedure to (i) modify the information in their system, report the disputed information with Equifax.

180. Defendant Texas Trust Fed Credit Union has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

181. Defendant Texas Trust Fed Credit Union has done so either negligently or willfully.

182. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

183. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## XXX.   FIRST CLAIM FOR RELIEF
### (Defendant Nelnet Loan Services)
### 15 U.S.C. § 1681s-2(b)(1)(A)

184. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 183 above.

185. Defendant Nelnet Loan Services has violated 15 U.S.C. § 1681s-2(b)(1)(A) in that it failed to conduct a reasonable re-investigation

of information forwarded to them by a Consumer Reporting Agencies and that it failed to have reasonable procedures to notate consumers disputes.

186. Defendant Nelnet Loan Services has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

187. Defendant Nelnet Loan Services has done so either negligently or willfully.

188. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

189. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

### XXXI.   SECOND CLAIM FOR RELIEF
### (Defendant Nelnet Loan Services)
### 15 U.S.C. §1681s-2(b)(1)(B)

190. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 189 above.

191. Defendant Nelnet Loan Services has violated 15 U.S.C. § 1681s-2(b)(1)(B) in that they failed to consider all relevant information forwarded to them by the consumer reporting agencies and failing to review the account level documentation and by failing to notate disputed information

192. Defendant Nelnet Loan Services has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

193. Defendant Nelnet Loan Services has done so either negligently or willfully.

194. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

195. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## XXXII.   THIRD CLAIM FOR RELIEF
### (Defendant Nelnet Loan Services)
### 15 U.S.C. §1681s-2(b)(1)(C)

196. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 195 above.

197. Defendant Nelnet Loan Services has violated 15 U.S.C. § 1681s-2(b)(1)(C) in that they failed to report the notation of the disputed information to the consumer reporting agencies.

198. Defendant Nelnet Loan Services has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

199. Defendant Nelnet Loan Services has done so either negligently or willfully.

200. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

201. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

### XXXIII.   FOURTH CLAIM FOR RELIEF
### (Defendant Nelnet Loan Services)
### 15 U.S.C. §1681s-2(b)(1)(D)

202. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 201 above.

203. Defendant Nelnet Loan Services has violated 15 U.S.C. § 1681s-2(b)(1)(D) in that it failed to report to all national consumer reporting agencies that the information was inaccurate, erroneous or unverifiable and it failed to report to Equifax that the information was being disputed.

204. Defendant Nelnet Loan Services has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

205. Defendant Nelnet Loan Services has done so either negligently or willfully.

206. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

207. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## XXXIV.   FIFTH CLAIM FOR RELIEF
### (Defendant Nelnet Loan Services)

## 15 U.S.C. §1681s-2(b)(1)(E)

208. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 207 above.

209. Defendant Nelnet Loan Services has violated 15 U.S.C. § 1681s-2(b)(1)(E) in that it failed to have a procedure to (i) modify the information in their system, (ii) delete the inaccurate or unverifiable information, or (iii) block the re-reporting of inaccurate or unverifiable information and failed to have a procedure to (i) modify the information in their system, report the disputed information with Equifax.

210. Defendant Nelnet Loan Services has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

211. Defendant Nelnet Loan Services has done so either negligently or willfully.

212. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

213. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## XXXV.   FIRST CLAIM FOR RELIEF
### (Defendant Paramount Recovery Systems, L.P)
### 15 U.S.C. § 1681s-2(b)(1)(A)

214. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 213 above.

215. Defendant Paramount Recovery Systems, L.P has violated 15 U.S.C. § 1681s-2(b)(1)(A) in that it failed to conduct a reasonable re-investigation of information forwarded to them by a Consumer Reporting Agencies and that it failed to have reasonable procedures to notate consumers disputes.

216. Defendant Paramount Recovery Systems, L.P has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

217. Defendant Paramount Recovery Systems, L.P has done so either negligently or willfully.

218. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

219. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## XXXVI.    SECOND CLAIM FOR RELIEF
### (Defendant Paramount Recovery Systems, L.P)
### 15 U.S.C. §1681s-2(b)(1)(B)

220. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 219 above.

221. Defendant Paramount Recovery Systems, L.P has violated 15 U.S.C. § 1681s-2(b)(1)(B) in that they failed to consider all relevant information forwarded to them by the consumer reporting agencies and failing to review the account level documentation and by failing to notate disputed information.

222. Defendant Paramount Recovery Systems, L.P has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

223. Defendant Paramount Recovery Systems, L.P has done so either negligently or willfully.

224. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

225. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## XXXVII.   THIRD CLAIM FOR RELIEF
### (Defendant Paramount Recovery Systems, L.P)
### 15 U.S.C. §1681s-2(b)(1)(C)

226. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 225 above.

227. Defendant Paramount Recovery Systems, L.P has violated 15 U.S.C. § 1681s-2(b)(1)(C) in that they failed to report the notation of the disputed information to the consumer reporting agencies.

228. Defendant Paramount Recovery Systems, L.P has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

229. Defendant Paramount Recovery Systems, L.P has done so either negligently or willfully.

230. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

231. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

### XXXVIII.    FOURTH CLAIM FOR RELIEF
### (Defendant Paramount Recovery Systems, L.P)
### 15 U.S.C. §1681s-2(b)(1)(D)

232. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 231 above.

233. Defendant Paramount Recovery Systems, L.P has violated 15 U.S.C. § 1681s-2(b)(1)(D) in that it failed to report to all national consumer reporting agencies that the information was inaccurate, erroneous or unverifiable and it failed to report to Equifax that the information was being disputed.

234. Defendant Paramount Recovery Systems, L.P has caused injury in fact, by causing, among other effects, mental and emotional

distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

235. Defendant Paramount Recovery Systems, L.P has done so either negligently or willfully.

236. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

237. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

### XXXIX.    FIFTH CLAIM FOR RELIEF
### (Defendant Paramount Recovery Systems, L.P)
### 15 U.S.C. §1681s-2(b)(1)(E)

238. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 237 above.

239. Defendant Paramount Recovery Systems, L.P has violated 15 U.S.C. § 1681s-2(b)(1)(E) in that it failed to have a procedure to (i) modify the information in their system, (ii) delete the inaccurate or unverifiable information, or (iii) block the re-reporting of inaccurate or unverifiable information and failed to have a

procedure to (i) modify the information in their system, report the disputed information with Equifax.

240. Defendant Paramount Recovery Systems, L.P has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

241. Defendant Paramount Recovery Systems, L.P has done so either negligently or willfully.

242. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

243. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## XL.   FIRST CLAIM FOR RELIEF
### (Defendant AR Resources)
### 15 U.S.C. § 1681s-2(b)(1)(A)

244. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 243 above.

245. Defendant AR Resources has violated 15 U.S.C. § 1681s-2(b)(1)(A) in that it failed to conduct a reasonable re-investigation of

information forwarded to them by a Consumer Reporting Agencies and that it failed to have reasonable procedures to notate consumers disputes.

246. Defendant AR Resources has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

247. Defendant AR Resources has done so either negligently or willfully.

248. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

249. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

### XLI.   SECOND CLAIM FOR RELIEF
### (Defendant AR Resources)
### 15 U.S.C. §1681s-2(b)(1)(B)

250. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 249 above.

251. Defendant AR Resources has violated 15 U.S.C. § 1681s-2(b)(1)(B) in that they failed to consider all relevant information forwarded

to them by the consumer reporting agencies and failing to review the account level documentation and by failing to notate disputed information.

252. Defendant AR Resources has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

253. Defendant AR Resources has done so either negligently or willfully.

254. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

255. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## XLII.   THIRD CLAIM FOR RELIEF
### (Defendant AR Resources)
### 15 U.S.C. §1681s-2(b)(1)(C)

256. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 255 above.

257. Defendant AR Resources has violated 15 U.S.C. § 1681s-2(b)(1)(C) in that they failed to report the notation of the disputed information to the consumer reporting agencies.

258. Defendant AR Resources has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

259. Defendant AR Resources has done so either negligently or willfully.

260. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

261. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## XLIII.   FOURTH CLAIM FOR RELIEF
### (Defendant AR Resources)
### 15 U.S.C. §1681s-2(b)(1)(D)

262. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 261 above.

263. Defendant AR Resources has violated 15 U.S.C. § 1681s-2(b)(1)(D) in that it failed to report to all national consumer reporting

agencies that the information was inaccurate, erroneous or unverifiable and it failed to report to Equifax that the information was being disputed.

264. Defendant AR Resources has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

265. Defendant AR Resources has done so either negligently or willfully.

266. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

267. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

### XLIV.   FIFTH CLAIM FOR RELIEF
### (Defendant AR Resources)
### 15 U.S.C. §1681s-2(b)(1)(E)

268. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 267above.

269. Defendant AR Resources has violated 15 U.S.C. § 1681s-2(b)(1)(E) in that it failed to have a procedure to (i) modify the information

in their system, (ii) delete the inaccurate or unverifiable information, or (iii) block the re-reporting of inaccurate or unverifiable information and failed to have a procedure to (i) modify the information in their system, report the disputed information with Equifax.

270. Defendant AR Resources has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

271. Defendant AR Resources has done so either negligently or willfully.

272. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

273. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## XLV.   FIRST CLAIM FOR RELIEF
### (Defendant Phoenix Financial Services LLC)
### 15 U.S.C. § 1681s-2(b)(1)(A)

274. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 273 above.

275. Defendant Phoenix Financial Services LLC haa violated 15 U.S.C. § 1681s-2(b)(1)(A) in that it failed to conduct a reasonable re-investigation of information forwarded to them by a Consumer Reporting Agencies and that it failed to have reasonable procedures to notate consumers disputes.

276. Defendant Phoenix Financial Services LLC has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

277. Defendant Phoenix Financial Services LLC has done so either negligently or willfully.

278. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

279. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## XLVI.   SECOND CLAIM FOR RELIEF
### (Defendant Phoenix Financial Services LLC)
### 15 U.S.C. §1681s-2(b)(1)(B)

280.  Plaintiff re-alleges, and incorporates by reference, paragraphs one through 279 above.

281.  Defendant Phoenix Financial Services LLC has violated 15 U.S.C. § 1681s-2(b)(1)(B) in that they failed to consider all relevant information forwarded to them by the consumer reporting agencies and failing to review the account level documentation and by failing to notate disputed information

282.  Defendant Phoenix Financial Services LLC has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

283.  Defendant Phoenix Financial Services LLC has done so either negligently or willfully.

284.  Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

285.  Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

### XLVII.   THIRD CLAIM FOR RELIEF
### (Defendant Phoenix Financial Services LLC)

## 15 U.S.C. §1681s-2(b)(1)(C)

286. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 285 above.

287. Defendant Phoenix Financial Services LLC has violated 15 U.S.C. § 1681s-2(b)(1)(C) in that they failed to report the notation of the disputed information to the consumer reporting agencies.

288. Defendant Phoenix Financial Services LLC has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

289. Defendant Phoenix Financial Services LLC has done so either negligently or willfully.

290. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

291. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

### XLVIII.   FOURTH CLAIM FOR RELIEF
(Defendant Phoenix Financial Services LLC)
15 U.S.C. §1681s-2(b)(1)(D)

292. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 291 above.

293. Defendant Phoenix Financial Services LLC has violated 15 U.S.C. § 1681s-2(b)(1)(D) in that it failed to report to all national consumer reporting agencies that the information was inaccurate, erroneous or unverifiable and it failed to report to Equifax that the information was being disputed.

294. Defendant Phoenix Financial Services LLC has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

295. Defendant Phoenix Financial Services LLC has done so either negligently or willfully.

296. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

297. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## XLIX.   FIFTH CLAIM FOR RELIEF
### (Defendant Phoenix Financial Services LLC)

## 15 U.S.C. §1681s-2(b)(1)(E)

298. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 297 above.

299. Defendant Phoenix Financial Services LLC has violated 15 U.S.C. § 1681s-2(b)(1)(E) in that it failed to have a procedure to (i) modify the information in their system, (ii) delete the inaccurate or unverifiable information, or (iii) block the re-reporting of inaccurate or unverifiable information and failed to have a procedure to (i) modify the information in their system, report the disputed information with Equifax.

300. Defendant Phoenix Financial Services LLC has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

301. Defendant Phoenix Financial Services LLC has done so either negligently or willfully.

302. Plaintiff is entitled to actual or statutory damages, punitive damages, attorney's fees, and costs pursuant 15 U.S.C. § 1681n.

303. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## XLX. WHEREFORE

Plaintiff prays that judgment be entered against these Defendants for:

A. Judgment for the violations occurred for violating the FCRA by Oklahoma Student Loan Authority, Sallie Mae, Fed Loan Servicing., Capital One Bank USA., Texas Trust Fed Credit Union., Nelnet Loan Services., Paramount Recovery Systems, L.P., AR Resources., Phoenix Financial Services LLC;

B. Plaintiff's actual damages;

C. Punitive and/or statutory damages pursuant to 15 USC § 1681n and 15 U.S.C § 1681o;

D. Cost and expense incurred in this action pursuant to 15 USC § 1681n and 15 U.S.C § 1681o;

E. Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o; and

F. For such other and further relief as the Court may deem just and proper.

WHEREFORE, Plaintiff Ashley Reeves respectfully request that judgment be entered against Defendants, Oklahoma Student Loan Authority, Sallie Mae, Fed Loan Servicing., Capital One Bank USA., Texas Trust Fed Credit Union., Nelnet Loan Services., Paramount Recovery Systems, L.P., AR Resources., Phoenix Financial Services LLC in an amount to be determined by a Jury.

Respectfully submitted:

**Law Office of Jeffrey A. Wilson**
4141 Southwest Freeway Ste. 425
Houston, TX 77027
Phone: (713) 561-3011
Fax: (713) 583-5470
jawilson.esq@gmail.com

By: /s/ Jeffrey A. Wilson
**JEFFREY A. WILSON**
State Bar No. 24081847
Fed No: 3062300