# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ASHLEY REEVES | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4:17-cv-3726 |
| | § | |
| NELNET LOAN SERVICES, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court in this dispute under the Fair Credit Reporting Act,

15 U.S.C. §§ 1681 *et seq.* (the "FCRA" or "Act")), are multiple motions to dismiss

Plaintiff Ashley Reeves's First Amended Complaint and Demand for Jury Trial

(the "Amended Complaint") [Doc. # 5]. Defendant Oklahoma Student Loan

Authority ("OSLA") has moved to dismiss the Amended Complaint in its entirety

on the basis of lack of subject matter jurisdiction due to sovereign immunity.[1]

Defendants Capital One Bank (USA), N.A. ("Cap One"),[2] Phoenix Financial

Services LLC ("Phoenix"), and Nelnet Servicing, LLC ("Nelnet")[3] each have

---

[1]   *See* Defendant OSLA's Motion to Dismiss Complaint on Eleventh Amendment Immunity Grounds (the "OSLA Motion") [Doc. # 16].

[2]   Cap One is improperly named in the Amended Complaint as both "Capital One" and "Capital One Bank USA."

[3]   Nelnet is improperly named in the Amended Complaint as "Nelnet Loan Services."

moved to dismiss the Amended Complaint in its entirety on the grounds that the

allegations therein fail to state a claim upon which relief can be granted.[4]  Plaintiff

filed a single response that only addressed the Initial 12(b)(6) Motions,[5] to which

Cap One, Phoenix, and Nelnet have replied.[6]  Without seeking leave of Court,

Plaintiff filed a sur-reply to Cap One's reply.[7]

---

[4]     *See* Defendant Cap One's Motion to Dismiss Plaintiff's Complaint (the "Cap One Motion") [Doc. # 8]; Defendant Phoenix's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint (the "Phoenix Motion") [Doc. # 10]; Defendant Nelnet's Motion to Dismiss or in the Alternative Motion to Transfer Venue, Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and Motion for More Definitive Statement (the "Nelnet Motion," and, collectively, the "Initial 12(b)(6) Motions") [Doc. # 21].

The Court notes that for all intents and purposes, the Phoenix Motion simply adopts the arguments presented in the Cap One Motion and asks the Court to apply those arguments to allegations and claims Plaintiff asserts Phoenix, which are identical to those asserted against Cap One (and all other Defendants).  In addition, because the Court concludes that this case should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Nelnet Motion is **denied as moot** to the extent it seeks dismissal or transfer of this case based on venue grounds or a more definitive statement from Plaintiff.

[5]     *See* Plaintiff's Memorandum in Response to Defendants Cap One, Phoenix and Nelnet's Motions to Dismiss for Failure to State a Claim (the "Response") [Doc. # 23].  Plaintiff's Response makes no mention of the OSLA Motion, and the time for Plaintiff to respond to the OSLA Motion under the Court's local procedures has expired.  Plaintiff has not moved the Court to extend her deadline to respond to the OSLA Motion.

[6]     *See* Defendant Cap One's Reply in Support of Dismissal [Doc. # 30]; Defendant Phoenix's Memorandum in Reply to the Response [Doc. # 31]; Defendant Nelnet's Reply to the Response [Doc. # 24].

[7]     *See* Plaintiff's Memorandum in Response to Defendant Cap One's Reply in Support of Dismissal [Doc. # 33].  In its discretion, the Court has chosen to consider the arguments and authorities in Plaintiff's sur-reply.

2

After Plaintiff filed her Response, Defendant Navient Solutions, LLC ("Navient")[8] also moved to dismiss the Amended Complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[9] Plaintiff filed a response to the Navient Motion after the deadline to do so expired.[10] However, in the interest of justice, the Court has accepted and considered Plaintiff's response to the Navient Motion.[11] The OSLA Motion and the 12(b)(6) Motions are now ripe for decision. Having considered the parties' briefing, the applicable legal authorities, and all pertinent matters of record, the Court concludes that the OSLA Motion and each of the 12(b)(6) Motions should be **granted**.

---

[8] Navient, formerly known as "Sallie Mae, Inc.," is improperly named in the Amended Complaint as "Sallie Mae."

[9] *See* Navient's Motion to Dismiss the Amended Complaint (the "Navient Motion," and, together with the Initial 12(b)(6) Motions, the "12(b)(6) Motions") [Doc. # 29].

[10] *See* Plaintiff's Memorandum in Support of Motion for Leave to File Response [Doc. # 35].

[11] Accordingly, Plaintiff's Motion for Leave to File Response [Doc. # 35] is **granted**. Even if Plaintiff had not filed a formal response to the Navient Motion, the Court would still conclude that Navient's Notice of No Response [Doc. # 34] is unpersuasive. The Navient Motion is identical, in all material respects, to the Cap One Motion. Therefore, the Court considers the Response as being applicable to the Navient Motion, and would deem that motion opposed irrespective of whether Plaintiff filed a formal response thereto.

# I.    BACKGROUND

In February 2016, Plaintiff applied for and was denied a mortgage. In response, Plaintiff obtained a copy of her credit report. Each Defendant furnished "trade lines" on her report, which, according to Plaintiff, are "inaccurate, false and unverifiable." Amended Complaint, ¶ 18.[12]

After reviewing her credit report, Plaintiff sent a dispute letter to consumer reporting agencies Experian, Transunion, and Equifax (the "CRAs"), each a non-party to this lawsuit. Pursuant to their obligations under the FCRA, the CRAs notified each Defendant that Plaintiff disputed the information they had furnished to them for inclusion in her credit report. The CRAs also requested that each Defendant investigate the merits of Plaintiff's dispute.

Experian, one of the CRAs, subsequently provided Plaintiff with the results of Defendants' investigations. Plaintiff alleges that as a result of their respective investigations, each Defendant "verified the disputed accounts, but unreasonably failed to disclose that the accounts were being disputed by Plaintiff." *Id.* ¶ 24. Plaintiff alleges that Defendants' failure to disclose to the CRAs that her accounts

---

[12]    In her Amended Complaint, Plaintiff alleges the dollar amounts of the credit limits and balances that each Defendant furnished for her credit report. *Id.* ¶¶ 3-17. Plaintiff does not allege what the "correct" credit limit and balance figures are with respect to any Defendant.

with them were being disputed created a "negative material misleading impression" on her credit report. *Id.* ¶ 26.

On December 9, 2017, Plaintiff filed her original complaint in this lawsuit. On February 6, 2018, Cap One moved to dismiss Plaintiff's original complaint in its entirety. Defendant Cap One's Motion to Dismiss Plaintiff's Original Complaint [Doc. # 4]. In response, Plaintiff amended her pleading and filed the Amended Complaint. Defendants thereafter filed the currently pending OSLA Motion and the 12(b)(6) Motions, which raise the same or very similar issues identified in Cap One's original motion to dismiss.

## II.  ANALYSIS

### A.  OSLA Motion

OLSA argues Plaintiff's FCRA claims are barred by the Eleventh Amendment of the United States Constitution and moves to dismiss these claims under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. "'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'" *Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quoting *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005)). When there is a challenge to the court's subject matter jurisdiction, the party asserting jurisdiction bears the burden of establishing jurisdiction exists. *Alabama–Coushatta Tribe of Tex. v.*

*United States*, 757 F.3d 484, 487 (5th Cir. 2014); *Gilbert v. Donahoe*, 751 F.3d 303, 307 (5th Cir. 2014).

In the OSLA Motion, OSLA asserts that it is an "arm of the State of Oklahoma," that it has not consented to the jurisdiction of this (or any) Court for the adjudication of Plaintiff's FCRA claims, and that Congress has not abrogated the states' Eleventh Amendment immunity with respect to FCRA claims.[13]  *See generally* OSLA Motion [Doc. # 16].  The arguments and authorities presented in the OSLA Motion constitute a strong challenge to this Court's subject matter jurisdiction over Plaintiff's claims against OSLA.  Plaintiff has not responded, directly or indirectly, to that Motion.  The Court therefore deems the OSLA Motion unopposed.[14]  Having neither opposed the OSLA Motion nor otherwise addressing the arguments and authorities discussed therein, Plaintiff has failed to

---

[13]    *See, e.g., Densborn v. TransUnion, LLC*, No. 08 C 3631, 2009 WL 331466, at *2 (N.D. Ill. Feb. 10, 2009) ("We join those courts and hold that because Congress enacted the FCRA pursuant to its authority under the Commerce Clause, it lacks the authority to abrogate a State's sovereign immunity through that statute."); *Rovers v. Oregon Dept. of Justice Division of Child Support*, No. 05-6122-AA, 2005 WL 2218457 (D. Or. Sept. 13, 2005) ("I find no evidence that the FCRA can abrogate Oregon's sovereign immunity, and therefore plaintiff's claims pursuant to the FCRA, against this defendant, fail as a matter of law."); *Wright v. Applied Bank, et. al.*, Civ. Action No. 11-585-GMS, 2012 WL 3758957, at *2 (D. Del., Aug. 28, 2012) (Philadelphia Traffic Court immune from FCRA suit).

[14]    Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, failure to respond to a motion is taken as a representation of no opposition.  S.D. TEX. R. 7.3, 7.4.

carry her burden of establishing that jurisdiction exists over her claims against OSLA.  Accordingly, the OSLA Motion is **granted**.

## B.     The 12(b)(6) Motions

In her Amended Complaint, Plaintiff asserts the same five causes of action against each Defendant: violation of the each of the duties set forth in FCRA §§ 1681s-2(b)(1)(A)-(E) applicable to "furnishers" of information.   With the exception of the credit line and balance figures each Defendant reported to the CRAs, Plaintiff alleges identical causes of action against each Defendant based on the exact same allegations. *See* Amended Complaint, ¶¶ 34-303.   There is no dispute that Defendants are "furnishers" of information within the meaning of FCRA.   However, Defendants argue that Plaintiff has failed to allege facts that state a plausible claim for relief.  The Court addresses seriatim Defendants' FCRA duties in issue.

### 1.     Applicable Legal Standard

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted.  *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147.  The complaint must, however, contain sufficient

factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).  When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief.  *Iqbal*, 556 U.S. at 679.  Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory.  *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

## 2.    FCRA § 1681s-2(b)(1)(A)

Under FCRA § 1681s-2(b)(1)(A), a furnisher of information is required to "conduct an investigation with respect to the disputed information" after receiving notice of a dispute from a consumer reporting agency.  15 U.S.C.    § 1681s-2(b)(1)(A). According to Plaintiff's own allegations, after being notified by the CRAs of her dispute, each Defendant conducted an investigation, verified the disputed accounts, and reported the investigation results to the CRAs.  Amended Complaint, ¶ 24.  Plaintiff also acknowledges that a CRA provided those results to her.  *Id*.  Therefore, there is no doubt Defendants here "conducted an investigation" into Plaintiff's dispute.

P:\ORDERS\11-2017\3726MDismiss_1.docx  180514.1404

In the Amended Complaint, Plaintiff challenges the adequacy of the investigations Defendants conducted. Under the FCRA, Defendant's investigations of disputes received from consumer reporting agencies must be reasonable. *See Robertson v. J.C. Penney Co.*, No. CIV.A. 2:06CV3KSMTP, 2008 WL 623397, at *8 (S.D. Miss. Mar. 4, 2008) ("Section 1681s-2(b)(1)'s investigation requirement for furnishers, however, is analogous to the requirement imposed upon credit reporting agencies under § 1681i(a) to reinvestigate a consumer's dispute regarding information contained in his credit report and, therefore, furnishers of credit are required to conduct a reasonable investigation."). However, Plaintiff has failed to allege facts that Defendants' respective investigations were unreasonable. Plaintiff merely makes one unsupported and conclusory allegation regarding each Defendant: Plaintiff asserts each Defendant "failed to conduct a reasonable re-investigation of information forwarded to them by a Consumer Reporting Agencies" and "failed to have reasonable procedures to notate consumers['] disputes." Amended Complaint, ¶¶ 35, 65, 95, 125, 155, 185, 215, 245, 275. Plaintiff alleges no facts that would support a reasonable inference that any Defendant, let alone every Defendant, conducted an unreasonable investigation into her dispute or lacked adequate account notation procedures. For example, Plaintiff does not allege facts supporting a plausible inference that she had discharged any of the debts reported by Defendants or that she had not actually

opened a reported credit line or incurred a reported debt.  *Cf.  Robertson*, 2008 WL

623397 at *8 (finding certain defendant's investigation unreasonable as a matter of

law where evidence showed the plaintiff had paid the debt reported by that

defendant, and that defendant had issued the plaintiff a confirmation number

indicating the same).  Conclusory assertions alone are not sufficient to state a

plausible claim for relief.  *See Shaunfield v. Experian Info. Sols., Inc.*, 991 F. Supp.

2d 786, 806 (N.D. Tex. 2014) (dismissing the plaintiff's FCRA claims because

"[h]is assertions read more like a recitation of the elements of a § 1681s–2(b) claim

than specific allegations of wrongdoing.").   Accordingly, each of the 12(b)(6)

Motions is **granted** on Plaintiff's claims under FCRA § 1681s-2(b)(1)(A).

### 3.    FCRA § 1681s-2(b)(1)(B)

FCRA § 1681s-2(b)(1)(B) obligates a furnisher of information to "review all

relevant information provided by the consumer reporting agency" in connection

with a consumer dispute.   15 U.S.C. § 1681s-2(b)(1)(B).  Plaintiff alleges, with

respect to Defendants, that "they failed to consider all relevant information

forwarded to them by the consumer reporting agencies and failing to review the

account level documentation and by failing to notate disputed information."

Amended Complaint, ¶¶ 41, 71, 101, 131, 161, 191, 221, 251, 281.  Although the

information that a furnisher is supposed to review pursuant to § 1681s-2(b)(1)(B)

is forwarded from a consumer reporting agency, that information originates with

the consumer. *See* 15 U.S.C. § 1681i(2)(A) (stating notice from consumer reporting agency to furnisher shall include "all relevant information regarding the dispute that is received by the agency *from the consumer*") (emphasis added); *id.* § 1681i(2)(B) ("The consumer reporting agency shall promptly provide to the [furnisher] all relevant information regarding the dispute that is received by the agency *from the consumer*") (emphasis added). Plaintiff alleges that she sent a dispute letter to the CRAs, but fails to allege what, if any, information she provided to them in connection with her dispute letter. Amended Complaint, ¶ 19. Consistent with that omission, Plaintiff does not identify in any way in the Amended Complaint the information Defendants received from the CRAs but failed to consider in their investigations related to her dispute. Plaintiff's allegations regarding this section of the FCRA amount to little more than a formalistic recitation of the applicable statutory language. Such a formalistic recitation "will not do" in terms of satisfying Plaintiff's obligation to plead sufficient facts to state a facially plausible claim for relief. *Iqbal*, 556 U.S. at 678. Therefore, the 12(b)(6) Motions are **granted** with respect to each of Plaintiff's FCRA § 1681s-2(b)(1)(B) claims.

### 4.  FCRA § 1681s-2(b)(1)(C)

After completing an investigation into disputed information, a furnisher must, under FCRA § 1681s-2(b)(1)(C), "report the results of the investigation to

the consumer reporting agency." 15 U.S.C. § 1681s-2(b)(1)(C). As discussed in section II.B.2 *supra*, Plaintiff alleges in her Amended Complaint that Defendants reported the results of their investigations to the CRAs. However, Plaintiff contends that all Defendants violated this section of the FCRA because "they [each] failed to report the notation of the disputed information to the consumer reporting agencies." Amended Complaint, ¶¶ 47, 77, 107, 137, 167, 197, 227, 257, 287. To the extent Plaintiff argues that Defendants failed to fully report the results of their investigations to the CRAs because they did not report that Plaintiff's accounts with them should be marked as "disputed," that argument is without merit. The gravamen of Plaintiff's Complaint is that Defendants unreasonably concluded after their investigation that there was no need to mark Plaintiff's accounts as disputed. The assertion that the results of Defendants' investigations were that Plaintiff's accounts should be noted as "disputed" is unsupported by, and directly contrary to, the allegations in the Amended Complaint. Therefore, Plaintiff has not alleged facts that plausibly suggest the investigation results that Defendants reported to the CRAs were in any way inconsistent with the conclusions Defendants actually reached upon completing their respective investigations.

To the extent Plaintiff takes issue with the merits of Defendants' investigations and their decisions not to instruct the CRAs to mark her accounts as

P:\ORDERS\11-2017\3726MDismiss_1.docx  180514.1404

"disputed," that contention also fails.  The plain language of FCRA § 1681s-2(b)(1)(C) merely speaks to a furnisher's obligation to report investigation results to a consumer reporting agency, not the substance of those results.  Plaintiff cites no authority to support its implied assertion that a consumer has a right of action against a furnisher of information under FCRA § 1681s-2(b)(1)(C) when it is dissatisfied with investigation results that were otherwise properly delivered to a consumer reporting agency.  Plaintiff has failed to allege a plausible claim for relief under FCRA § 1681s-2(b)(1)(C).  Consequently, the 12(b)(6) Motions are **granted** regarding the § 1681s-2(b)(1)(C) claims Plaintiff asserts in the Amended Complaint.

### 5.    FCRA § 1681s-2(b)(1)(D)

Under FCRA § 1681s-2(b)(1)(D), "if the investigation finds that the information is incomplete or inaccurate," a furnisher of information must report that fact to all of the consumer reporting agencies that it provides information to and all consumer reporting agencies that "maintain files on consumers on a nationwide basis."  15 U.S.C. § 1681s-2(b)(1)(D).  "A credit entry may be 'inaccurate' within the meaning of the statute either because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions."  *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998); *Toliver v. Experian Info. Sols., Inc.*, 973 F.

13

Supp. 2d 707, 715 (S.D. Tex. 2013). Plaintiff argues that each Defendant violated this section of the FCRA because "it failed to report to all national consumer reporting agencies that the information was inaccurate, erroneous or unverifiable and it failed to report to Equifax that the information was being disputed." Amended Complaint, ¶¶ 53, 83, 113, 143, 173, 203, 233, 263, 293. Thus, Plaintiff is asserting that each Defendant is liable for two distinct reporting failures: (i) the failure to report that the information it is furnishing regarding Plaintiff is inaccurate and (ii) the failure to report that Plaintiff disputes the information it is furnishing. Neither of these assertions has merit.

In her Amended Complaint, Plaintiff alleges that the trade lines each Defendant provided to the CRAs are "inaccurate, incomplete, false, and unverifiable without any supporting account level documentation such as the initial contract, payment and balance history, proof of the interest rate, late fees, and finance charges applied." *Id*. ¶ 18. However, the Amended Complaint is devoid of any factual allegations that support her otherwise conclusory assertion. Plaintiff has alleged no facts regarding the basis for her disagreement with Defendants' reporting or facts that would support a reasonable inference that she has correctly identified inaccuracies or misleading entries in Defendants' reporting. Absent such well-pleaded factual allegations, Plaintiff has not satisfied the plausibility threshold because her right to relief based on Defendants' alleged incorrect trade line

reporting is purely speculative. *See In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) ("To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" (quoting *Twombly*, 550 U.S. at 555)).

Plaintiff's claims that Defendants have improperly neglected to indicate that her accounts are disputed also fail. The Fifth Circuit has not addressed the question of whether a furnisher's continuing failure to flag an account as disputed constitutes a violation of FCRA § 1681s–2(b). The Third,[15] Fourth,[16] and Ninth Circuits[17] have held that it does. Even assuming the Fifth Circuit would reach the same conclusion, dismissal of Plaintiff's claims in this case is warranted. Only "*bona fide*" disputes or disputes with an indicia of merit obligate furnishers to disclose that a consumer's account is subject to dispute. *See Gorman*, 584 F.3d at 1163 ("[A] furnisher does not report 'incomplete or inaccurate' information within the meaning of § 1681s–2(b) simply by failing to report a meritless dispute, because reporting an actual debt without noting that it is disputed is unlikely to be materially misleading. It is the failure to report a bona fide dispute, a dispute that could materially alter how the reported debt is understood, that gives rise to a

---

[15]     *Seamans v. Temple Univ.*, 744 F.3d 853 (3d Cir. 2014).

[16]     *Saunders v. Branch Banking And Tr. Co. Of VA*, 526 F.3d 142 (4th Cir. 2008).

[17]     *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009).

furnisher's liability under § 1681s–2(b)); *Seamans*, 744 F.3d at 867 ("a private cause of action arises under 15 U.S.C. § 1681s–2(b) when, having received notice of a consumer's potentially meritorious dispute, a furnisher subsequently fails to report that the claim is disputed."); *Saunders*, 526 F.3d at 151 ("we assume without deciding that a furnisher incurs liability under § 1681s–2(b) only if it fails to report a meritorious dispute.").

Plaintiff alleges in her Amended Complaint that she disputes the information Defendants reported the CRAs. She does not, however, support that conclusory assertion with any factual allegations that would permit the Court to conclude that the disputes plausibly are *bona fide* or even "potentially meritorious." Consequently, Plaintiff has not alleged a plausible claim for relief under FCRA § 1681s-2(b)(1)(D). The Court **grants** the 12(b)(6) Motions with respect to Plaintiff's claims made pursuant to that section of the FCRA.

### 6.    FCRA § 1681s-2(b)(1)(E)

Finally, FCRA § 1681s-2(b)(1)(E) mandates that if a furnisher determines that information disputed by a consumer is "inaccurate or incomplete or cannot be verified after any reinvestigation," the furnisher, in its reporting to consumer reporting agencies, must "modify that item of information," "delete that item of information," or "permanently block the reporting of that item of information." 15 U.S.C. § 1681s-2(b)(1)(E). Plaintiff alleges that each Defendant "failed to have a

procedure to (i) modify the information in their system, (ii) delete the inaccurate or unverifiable information, or (iii) block the re-reporting of inaccurate or unverifiable information," and "failed to have a procedure to modify the information in their system, [or] report the disputed information with Equifax." Amended Complaint, ¶¶ 59, 89, 119, 149, 179, 209, 239, 269, 299. Plaintiff's FCRA § 1681s-2(b)(1)(E) claim essentially is a formalistic recitation of the statute. Such allegations are insufficient to state a plausible claim for relief under federal pleading standards. This claim also is pleaded deficiently because, as discussed in Sections II.B.2-5, *supra*, Plaintiff has failed adequately to allege that Defendants provided the CRAs with any inaccurate, incomplete or unverifiable information. *See also Mendoza v. GE Capital Retail Bank*, No. SA-12-CA-226-XR, 2012 WL 1038754, at *3 (W.D. Tex. Mar. 27, 2012) ("Nothing in § 1681s–2(b) requires defendant to correct information simply because the consumer believes it is erroneous.") (citing *Bashore v. Resurgent Capital Servs., L.P.*, 452 F. App'x 522, 524 (5th Cir. 2011)). She also has not adequately alleged facts suggesting that she has asserted any *bona fide* or potentially meritorious dispute regarding her account that would obligate one or more of Defendants to notate her accounts as disputed. *See* Section II.B.5, *supra*. Having failed to allege facts establishing any predicate inaccuracy or incompleteness in the information Defendants reported to the CRAs, Plaintiff cannot plausibly claim a violation of § 1681s-2(b)(1)(E), *i.e.*, that there is

17

information that requires modification, deletion, or blocking by Defendants.

Therefore, the 12(b)(6) Motions are **granted** regarding this claim.[18]

## C.    Leave to Amend

Plaintiff already has amended her Amended Complaint once and was on notice of the deficiencies in her pleading by virtue of Cap One's first motion to dismiss. Instead of addressing those deficiencies in the Amended Complaint or by seeking leave to further amend, Plaintiff chose to stand on the merits of her Amended Complaint. Plaintiff's repeated failure to cure deficiencies in her pleadings persuades the Court that she is not entitled to leave to amend her Amended Complaint.[19] *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*,

---

[18]    Not all Defendants in this case have moved to dismiss the Amended Complaint. However, because the Court concludes that the Amended Complaint is deficiently pleaded as a matter of law and because the claims against all Defendants are premised on essentially identical allegations, dismissal of Plaintiff's claims regarding each Defendant is appropriate. *See Taylor v. Acxiom Corp.*, 612 F.3d 325, 339–40 (5th Cir. 2010) (holding plaintiffs were not prejudiced by district court's dismissal *sua sponte* of some defendants who did not join the motion to dismiss "because the plaintiffs make the same allegations against all defendants."); *Siddhar v. Varadharajan*, No. CIV.A. 4:13-CV-1933, 2014 WL 2815498, at *5 (S.D. Tex. June 20, 2014) (same).

[19]    The sum total of Plaintiff's "request" for leave to amend is the following two sentences in her Response: "Because Ms. Reeves stated a claim on which relief can be granted, the Court should deny the Corporations' motions and retain the case on the Court's docket. However, if the Court deems it necessary, Ms. Reeves requests the Court grant him [sic] leave to amend his [sic] complaint." Response [Doc. # 23], p. 8. Plaintiff did not attach any proposed amended pleading to the Response. The Fifth Circuit has explicitly held that such "bare statements," standing alone, do not constitute a motion for leave to amend. *See U.S. ex rel. Hebert v. Dizney*, 295 F. App'x 717, 725 (5th Cir. 2008) ("Relators briefly argue
(continued…)

336 F.3d 375, 386 (5th Cir. 2003).  Accordingly, dismissal of Plaintiff's claims in this case pursuant to the 12(b)(6) Motions shall be with prejudice.[20]

## III.  **CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED** Defendant Oklahoma Student Loan Authority's Motion to Dismiss Complaint on Eleventh Amendment Immunity Grounds [Doc. # 16] is **GRANTED**.  All claims against Defendant Oklahoma Student Loan Authority are **DISMISSED WITHOUT PREJUDICE.**  It is further

**ORDERED** that each of Defendant Cap One's Motion to Dismiss Plaintiff's Complaint [Doc. # 8], Defendant Phoenix's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint [Doc. # 10], Defendant Nelnet's Motion to Dismiss or in the Alternative Motion to Transfer Venue, Motion to Dismiss pursuant to Federal Rule

---

(continued…)

that they moved for leave to amend in their memorandum and sur-reply memorandum to the district court in opposition to the motion to dismiss. However, the sum total of their request consisted of the following: 'If this Court finds these allegations insufficient, relators request leave to amend their complaint' and 'Nonetheless, if this Court finds the allegations insufficient, plaintiff requests leave to amend.' These bare statements, however, unaccompanied by a proposed amendment, do not constitute a motion.").

[20]  Dismissal of claims against OSLA on the basis of sovereign immunity cannot be with prejudice.  *See Warnock v. Pecos Cty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) ("Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice.");  *Anderson v. Jackson State Univ.*, 675 F. App'x 461, 464 (5th Cir. 2017) (same).

of Civil Procedure 12(b)(6) and Motion for More Definitive Statement [Doc. # 21], and Navient's Motion to Dismiss the Amended Complaint [Doc. # 29] are **GRANTED**. All claims against all Defendants other than Oklahoma Student Loan Authority are **DISMISSED WITH PREJUDICE.**

An Order of Dismissal will be entered separately.

SIGNED at Houston, Texas, this 14th day of **May, 2018**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

P:\ORDERS\11-2017\3726MDismiss_1.docx  180514.1404